Kelvin Shelby MALONE, Petitioner–Appellant,

v.

Arthur CALDERON, Warden of the California State Prison, San Quentin, Respondent–Appellee,

State of Missouri, Intervenor–Appellee.

No. 99–99001.

United States Court of Appeals, Ninth Circuit.

Jan. 12, 1999.

Before: ROBERT R. BEEZER, ANDREW J. KLEINFELD and MICHAEL DALY HAWKINS, Circuit Judges.

### ORDER

Sitting as a panel for motions and screening, we have before us an emergency proceeding in a death penalty case. The appellant is scheduled to be executed tonight in Missouri.

In the case before us, the Honorable William J. Rea, United States District Judge, has written an opinion granting in part and denying in part the State of California's motion for summary judgment on Malone's petition for a writ of habeas corpus relating to his California conviction and death penalty for the murder of Myrtle Benham. Judge Rea granted the writ as to the penalty. Regarding the conviction, Judge Rea granted summary judgment as to some claims, and denied summary judgment, or granted it without prejudice to renewal of the claims, as to others.

This California conviction and death penalty were part of the predicate for the Missouri death penalty, *State v. Malone*, 694 S.W.2d 723, 728 (Mo.1985). Under *Johnson v. Mississippi*, 486 U.S. 578, 586, 108 S.Ct. 1981, 100 L.Ed.2d 575 (1988), if the California conviction is vacated, the Missouri death penalty might have to be vacated.

We cannot complete review of the district court decision, rendered yesterday, before Malone's scheduled execution tonight. Resolution of the claims will require examination of the record. It consists of fifteen cartons of papers currently in Pasadena. We three judges are now in Phoenix, Seattle, and Fairbanks. Both time and distance make examination of the record impossible prior to Malone's scheduled execution. Also, appellate jurisdiction may not exist at this time as to some of the issues, and more issues may be

identified after sufficient time for further study.

We have studied the matter sufficiently to identify serious issues on which reasonable jurists may differ, and which may affect the validity of Malone's California conviction for the Myrtle Benham murder (another California conviction, for the murder of Minnie Ola White, is not challenged in this proceeding). The serious issues identified so far are those as to which Judge Rea denied summary judgment or granted it without prejudice. The claims which, in the limited time available to us, appear to be of serious concern are:

1. Whether, based on the fact findings of the California Supreme Court and the district court, Malone's counsel labored under a conflict of interest that interfered with counsel's duty to vigorously cross-examine the informant Laughlin, see *Cuyler v. Sullivan*, 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980); *United States v. Miskinis*, 966 F.2d 1263 (9th Cir.1992), and may also have also resulted in Malone's decision to waive his right to remain silent and take the witness stand in his own defense.

2. Whether the actions of juror Irwin, a licensed and trained Ph.D. psychologist, who was present in the courtroom during panel voir dire, learning thereby the importance of expert polygraph testimony to the case, and who immediately thereafter, by act or omission, failed to disclose her views on polygraphs, which she then did disclose to her fellow jurors, and who was then selected to sit and later elected as jury foreperson—constituted sufficient juror misconduct within the meaning of *Dyer v. Calderon*, 151 F.3d 970 (1998), *McDonough Power Equip. v. Greenwood*, 464 U.S. 548, 104 S.Ct. 845, 78 L.Ed.2d 663 (1984), and *Clark v. United States*, 289 U.S. 1, 53 S.Ct. 465, 77 L.Ed. 993 (1933), to constitute fundamental error irrespective of any actual prejudice to Malone.

3. Whether the actions of Malone's prosecutors in failing to divulge information directly related to the credibility of the informant Laughlin, including his history of false testimony, his prior criminal record, and the details of the promises made to him to secure his testimony, constitute prosecutorial misconduct within the meaning of *Kyles v. Whitley*, 514 U.S. 419, 115 S.Ct. 1555, 131 L.Ed.2d 490 (1995), *United States v. Agurs*, 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976).

4. Whether any of the above issues, alone or in combination, constitute adequate grounds for setting aside of Malone's California conviction upon which the Missouri Supreme Court relied as the principal aggravating factor in upholding his sentence of death.

Therefore,

IT IS ORDERED that this case be transferred to a regular merits panel to be heard as soon as practicable.

We have previously determined, in another petition by Malone, that we lack jurisdiction to stay Malone's execution in Missouri, which is in the Eighth Circuit. Accordingly,

IT IS ORDERED that the clerk advise counsel and the clerk of the Eighth Circuit by telephone of this order, and immediately fax a copy of it to the Eighth Circuit, to be lodged in their case No. 96–1613.

We have concluded that serious questions have been raised going to the validity of the California conviction which was part of the predicate for the Missouri death sentence.